UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEREMY W. KELLY, | |
| Petitioner, | |
| v. | CAUSE NO. 1:20-CV-141-WCL-SLC |
| SHERIFF, | |
| Respondent. | |

## OPINION AND ORDER

Jeremy W. Kelly filed a habeas corpus petition attempting to challenge his conviction and four concurrent sentences under cause number 38C01-02-09-FB-12 by the Jay Circuit Court on February 17, 2004. (ECF 1 at 1.) However, habeas corpus petitions are subject to a strict one-year statute of limitations.[1]

---

[1] 28 U.S.C. § 2244(d) provides:
   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Question 9 on the habeas corpus petition form sets forth the text of the statute and asks for an explanation for why the petition is timely. In response, Mr. Kelly wrote: "Filing is not timely under these provisions." (ECF 1 at 4.)

He is correct. Nothing in his answer or any other part of the petition indicates State action impeded him from filing a habeas corpus petition sooner, that his claims are based on a newly recognized constitutional right, or that his claims are based on newly discovered evidence. Therefore 28 U.S.C. § 2244(d)(1)(B), (C), and (D) do not establish the start of the limitation period.

Thus, the limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when the conviction became final upon the expiration of the time to pursue direct review. Mr. Kelly took a direct appeal to the Court of Appeals of Indiana where his conviction was affirmed in 2005. (ECF 1 at 1.) He did not file a petition to transfer and the time for doing so expired 30 days later. *See* Ind. R. App. P. 25.A and 57.C.

Mr. Kelly next filed a post-conviction relief petition in 2005 which was denied in 2006. (ECF 1 at 2.) He did not appeal that decision in any court and did not file any other collateral attacks. (ECF 1 at 2.) Therefore the deadline for filing a habeas corpus petition challenging his conviction and sentence no later than the end of 2007.[2] However, this habeas corpus petition was not signed until March 25, 2020. Therefore this petition must be dismissed because it is untimely.

---

[2] Mr. Kelly hasn't provided the Court with the exact dates; he lists only the years.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Mr. Kelly to proceed further. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the Court:

(1) DENIES habeas corpus pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely;

(2) DENIES Jeremy W. Kelly a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES Jeremy W. Kelly leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

(4) DIRECTS the Clerk to close this case.

SO ORDERED on April 23, 2020

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT